Branch, Scott & Company *vs.* Adam, Smith & Company.

---

BRANCH, SCOTT & COMPANY, plaintiffs in error, *vs.* ADAM, SMITH & COMPANY, defendants in error.

1. As a general rule, a creditor of one of the several partners cannot reach the interest of his debtor by a summons of garnishment upon one who is indebted to the firm; but when A, having a judgment against a partner, served a summons of garnishment against a bank, having money of the firm on deposit, and the firm filed a bond as claimants of the fund, as provided by the act of 1871, and thus made the partnership a party to the garnishment, the creditor may, under our law authorizing a court of law to give equitable relief, so shape a traverse of the garnishee's answer as to make an issue upon the interest of his debtor in the partnership, at the date of the judgment, or since, and

appropriate to the payment of his judgment as much of the deposit in the hands of the garnishee as equals that interest.

2. In this case the objection to the summons of garnishment, on the ground that it is double, may be cured by amendment, the requirement in the summons that the garnishee shall answer what he owes the principal debtor, is the substance of the proceeding, and the addition requiring him to answer what he owes the firm is surplusage, and may be stricken out, if objected to.

Partnership. Garnishment. Practice in the Superior Court. Amendment. Before Judge GOULD. City Court of Augusta. August Term, 1873.

Branch, Scott & Company obtained judgment against Robert M. Adam, May 26, 1873. Upon the judgment garnishment process was sued out, July 10, 1873. On that day a summons, addressed to the Merchants' and Planters' National Bank, was served on the bank, requiring an answer as to indebtedness due Robert M. Adam, or the firm of Adam, Smith & Company, of which he is a member. On the 11th day of July, 1873, Adam, Smith & Company, by Robert M. Adam, filed in the clerk's office a bond, payable to Branch, Scott & Company, conditioned to pay the amount of the judgment in the event that the sum of $411 47, in the hands of the garnishee, which is claimed by Adam, Smith & Company, should be held subject to the process of garnishment in said case, or should pay to the plaintiffs the sum that may be found due to the defendant upon the trial of any issue that may be found upon the answer of the said garnishee, or that may be admitted to be due in said answer if untraversed.

No claim affidavit was filed with the bond, but the clerk issued a certificate to Adam, that Adam, Smith & Company had filed a bond to dissolve the garnishment of Branch, Scott & Company against the Merchants' and Planters' National Bank, thereby relieving the said bank from further liability.

This certificate was presented to the bank July 11, 1873, when they paid to Robert M. Adam, upon his drawing a check in the name of Adam, Smith & Company, $411 47. On the same day the bank filed its answer, and after deny-

Branch, Scott & Company *vs.* Adam, Smith & Company.

ing all liability to Robert M. Adam, said, that at the time of the service of said summons of garnishment there was a deposit in said bank to the credit of Adam, Smith & Company, a firm composed of Robert M. Adam, Jewett D. Smith and Henry B. Byner, of the sum of $411 47, which had that day been drawn out upon the check of Adam, Smith & Company, presented by Robert M. Adam, by whom the firm name was signed, he filing with the bank a certificate of the clerk of the city court of Augusta, that Adam, Smith & Company had filed a bond to dissolve the garnishment pursuant to the act of the General Assembly of December 14, 1871. This answer was made as required by said act to prevent a judgment by default against the bank, and to enable an issue to be tendered thereon between the plaintiffs and Adam, Smith & Company, to determine whether said money, or any part thereof, belonged to said Robert M. Adam; the bank, by the filing of said bond and this answer, being relieved and discharged from all other liability in the premises.

On the 12th of July, 1873, a summons of garnishment was issued, addressed to Adam, Smith & Company, and served on Robert M. Adam, the officer returning that his copartners were non-residents of the state, and that he was the only person on whom it could be served.

On motion of Adam, Smith & Company, the garnishment proceedings were dismissed. To which ruling the plaintiffs excepted.

FRANK H. MILLER, by R. H. CLARK, for plaintiffs in error.

1st. The summons of garnishment served on the bank required an answer both as to Robert M. Adam, individually, and as a member of a firm, and is not void, for even an attachment may contain two grounds: 36 Ga., 89; 37 *Ibid.*, 18; 39 *Ibid.*, 82; 40 *Ibid.*, 386.

2d. The interest of Adam, as a partner, is liable to garnishment: 28 Ga., 68; 40 *Ibid.*, 104; 43 *Ibid.*, 325; especially

if he makes the deposit, and is the only member of the firm in the State of Georgia.

3d. The firm of Adam, Smith & Company must interpose a claim under oath before they can be heard : Code, secs. 3725, 3731.

4th. The dissolution provided for in favor of a claimant relates only to the property claimed : Code, sec. 3541. As to anything else, the plaintiffs have the right to traverse the answer of the garnishee, or move for judgment.

5th. Adam deposits the money, signs the bond, dissolves the garnishment, checks it out of bank, files an answer denying the indebtedness of the firm to him, and has dismissed the whole garnishment proceeding. To sustain such a motion, and prevent a hearing on the part of plaintiffs, is a total denial of justice, for if no remedy is prescribed by law, it is the duty of the court having jurisdiction over the money to prescribe one : 40 Ga., 386 ; 39 *Ibid.*, 82. Especially if, by amendments, he can have justice done to all parties : Code, sec. 3562 ; Cox *vs.* Cox, decided May 20, 1873.

H. CLAY FOSTER, for defendants.

Code, section 1909, provides how interest of partner may be reached by a judgment : 43 Ga. R., 325 ; 40 *Ibid.*, 104.

McCAY, Judge.

1. It is doubtless true that under the provisions of our Code, section 1919, the creditor of one of a firm cannot garnishee the debtor of the firm. Even before the Code this could hardly be done. On a sale of the firm's effects by the sheriff, the purchaser did not get a title to the goods, but bought the undivided interest of the debtor, which can only be ascertained by a settlement of the firm affairs. But the result of a garnishment is a judgment against the garnishee, to be followed by execution, and the raising and payment of the money to the judgment creditor ; and when this is done, from the very nature of things, the money is severed from the firm effects and becomes the separate property of the plaintiff

in garnishment.   Such a proceeding might be grossly unjust to the members of the partnership other than the original debtor.   Even the levy and sale of the interest of one partner by the sheriff was an anomaly at the common law, since the debtor has, in fact, no interest, in his individual right, in any specific piece of property.   All his interest is in the net proceeds of the assets after the debts are paid and the accounts between him and his partners are adjusted.   For this reason our Code prohibits a sale by the sheriff of the interest of one partner, even in the whole of the assets, and forces a creditor of one of a firm to proceed by garnisheeing the firm and getting a judgment against it if the debtor has any interest after the settlement we have alluded to.

2.   But the present case stands on a peculiar footing.   The firm, as such, have made themselves parties to this proceeding by filing the bond provided for by the act of 1871, Code, 3541.   They come into court and say the effects in the hands of the garnishee are not the property of the debtor, but they are the property of the firm.   They are thus parties to the proceeding.   They are practically the garnishees, under this act, and, under our law, as they may be garnisheed, we think the proceedings should not have been dismissed.   By coming into the proceedings and making the firm a party thereto, they put the whole matter before the court in such a shape as that the true rights of all the parties can be ascertained and decided upon.   The spirit of our law as it now stands, under section 3082 of the Code, is, that the superior court has jurisdiction to proceed to do justice when all the parties at interest are before it.   Here was, in fact, the creditor of one of a firm, with his debt fully ascertained by a judgment.   Here was the firm, and a debtor of the firm, all before the court; and it was possible so to determine as to do full justice to all parties.

We think the proceedings ought not to have been dismissed, but the plaintiff should have been allowed to traverse the answer and make up such an issue with the partnership, who had come in, under the act of 1871, as would ascertain what was the true interest of the judgment debtor in the firm as-

sets, just as though he had filed a bill and had brought the parties before a court of equity. Under this issue, the interest of the individual partner, at the date of the judgment or since, could be ascertained, and so much of the debt in the hands of the garnishee as did not exceed that interest decreed to the plaintiff.

There is some objection to the duplicity of the plaintiff's summons; but an inspection of the whole matter shows that his proceeding is to find what the garnishee owes the judgment debtor; and the addition of the demand in the summons that the garnishee should answer what he owes the firm, is amendable. The garnishee has, too, waived that objection, because he has, in fact, answered. We think, therefore, that it was error to dismiss the proceedings.

Judgment reversed.